## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AUDREY ANN CURLEY MABIE
and KELLY B. WOOD, Individually,
and On Behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

FRANCHISE EQUITY GROUP, INC., D/B/A
MACSUB ENTERPRISES, INC.; MACSUB II,
INC.; MACSUB III, INC.; MACSUB IV INC.;
MACSUB VI INC.;  MACSUB VIII INC.;
MACSUB IX INC.; MACSUB X INC.;
MACSUB XI, INC.; MACSUB XII INC.;
MACSUB XIV INC.; MACSUB XV INC.;
MACSUB XVI INC.; MACSUB XVII INC.;
MACSUB XVIII INC.; MACSUB XIX INC.;
MACSUB XX INC.; MACSUB XXII INC.;
MACSUB XXIII INC.; MACSUB XXVI INC.;
MACSUB, XXVII INC.; MACSUB XXVIII INC.;
MACSUB XXIX, INC.; MACSUB XXX INC.;
MACSUB XXXI, INC.; MACSUB XXXII, INC.;
MACSUB XXXIII, INC.; MACSUB XXXIV, INC.;
MACSUB XXXV, INC.; MACSUB XXXVI, INC.;
MACSUB XXXVII, INC.; MACSUB XXXVIII, INC.;
MACSUB XXXIX, INC.; MACSUB, XL INC.;
MACSUB XLI, INC., DAVID MCCOMAS, individually;
GREAT LAKES MANAGEMENT, CORP.; and
PPM HOLDINGS, LLC

      Defendants.
_____/

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT AND FOR UNPAID WAGES AND DEMAND FOR JURY TRIAL

    Plaintiffs **AUDREY ANN CURLEY MABIE** and **KELLY B. WOOD**, individually,

and on behalf of all other similarly situated employees, by and through the undersigned counsel

file this Complaint for damages against Defendants FRANCHISE EQUITY GROUP, INC. d/b/a

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

MACSUB ENTERPRISES, INC ("MACSUB ENTERPRISES"); GREAT LAKES MANAGEMENT CORP. ("GLM"), and thirty-six independently-incorporated restaurants [MACSUB II, INC.; MACSUB III, INC.; MACSUB, IV INC.; MACSUB VI, INC.; MACSUB VIII, INC.; MACSUB IX, INC.; MACSUB X, INC.; MACSUB XI, INC.; MACSUB XII, INC.,; MACSUB XIV, INC.; MACSUB XV, INC.; MACSUB XVI, INC.; MACSUB XVII, INC.; MACSUB, XVIII, INC.; MACSUB XIX, INC.; MACSUB XX, INC.; MACSUB XXII, INC.; MACSUB XXIII, INC.; MACSUB XXVI, INC.; MACSUB XXVII, INC.; MACSUB XXVIII, INC.; MACSUB XXIX, INC.; MACSUB XXX, INC.; MACSUB XXXI, INC.; MACSUB XXXII, INC.; MACSUB XXXIII, INC.; MACSUB XXXIV, INC.; MACSUB XXXV, INC.; MACSUB XXXVI, INC.; MACSUB XXXVII, INC.; MACSUB XXXVIII, INC.; MACSUB XXXIX, INC.; MACSUB XL, INC.; MACSUB XLI, INC., and PPM HOLDINGS, LLC (hereinafter referred to collectively as "MacSub Entities")] for failure to pay overtime wages in violation of the FAIR LABOR STANDARDS ACT, and for failure to pay bonuses or wages earned and promised.  This is a Hybrid case, involving both an OPT-IN Collective Action pursuant to *29 U.S.C. § 216 (b)* of the Fair Labor Standards Act (the "FLSA"), and an opt-out Class action lawsuit seeking to recover unpaid bonus money in breach of contract, fraud, and for attorney's fees pursuant to F.S. 448.08.

## NATURE OF THE CASE

Defendants DAVID MCCOMAS, FRANCHISE EQUITY GROUP, INC. and GREAT LAKES MANAGEMENT CORP. are Subway Restaurant franchisees, operating a multi-faceted business enterprise comprised of approximately thirty-six 36 Subway restaurant locations, all managed, controlled, directed and supervised from a single corporate location, with single officers and directors, along with affiliated and related companies.   The business is run and

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

controlled by David McComas, who is president and director of each of the subsidiary or affiliated individual corporations related to each restaurant location believed to be under the umbrella of Franchise Equity Group Inc, as the parent corporation. Defendants pay all managers a base salary of $500.00 per week, plus bonuses and do not pay overtime wages.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to *28 U.S.C. §1331*, and 29 U.S.C. *§* 216 (b) of the Fair Labor Standards Act, as amended (29 U.S.C. 201 et seq.) because this case involves a federal statute to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. This Court has supplemental subject matter jurisdiction pursuant to 28 USC Sec. 1367, because the state court claims for accrued and unpaid bonuses and wages and torts relate to the federal claims in this action.

3. This Court has personal jurisdiction over Defendants because their principal place of business is located at 630 Chestnut Street, Clearwater, Florida 33756, and because all of the acts complained of occurred within this District.

4. Venue is proper in the Middle District of Florida, Tampa Division because the Defendants operate a business in Pinellas County, and a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

5. Plaintiff, AUDREY ANN CURLEY MABIE ("MABIE"), is and at all times mentioned was a resident of Pinellas County, Florida, last employed with Defendant MACSUB III INC. in Tarpon Springs, Pinellas County Florida.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

6. Plaintiff, KELLY WOOD ("WOOD"), is and at all times mentioned was a resident of Pasco County, Florida, last employed with Defendant MACSUB III INC. in Tampa, Hillsborough County Florida.

7. The Defendant FRANCHISE EQUITY GROUP, INC., D/B/A MACSUB ENTERPRISES ("MACSUB"") is a profit corporation organized under the laws of Florida with its principal place of business located at 630 Chestnut Street, Clearwater, Florida 33756, and doing business in Pinellas County, Florida.

8. The Defendant GREAT LAKES MANAGEMENT GROUP ("GLM") is a profit corporation organized under the laws of Florida with its principal place of business located at 630 Chestnut Street, Clearwater, Florida 33756, and doing business in Pinellas County, Florida.

9. The following thirty-six Defendants, hereinafter referred to collectively as the "MacSub Entities," operate Subway restaurants with a principal place of business at the following addresses:

   (1)      MACSUB II, INC., 30543 US Hwy. 19 North, Palm Harbor, Florida 34684;

   (2)      MACSUB III, INC., 1998 Alt. 19 South, Tarpon Springs, FL 34689;

   (3)      MACSUB IV, INC., 7099 66th Street, Pinellas Park, FL 33781;

   (4)      MACSUB VI, INC., 11180 66th Street, Largo, FL 33773;

   (5)      MACSUB VIII, INC., 8625 Citrus Park Drive, Tampa, FL 33625;

   (6)      MACSUB IX, INC., 2006 Drew Street, Clearwater, FL 33765;

   (7)      MACSUB X, INC., 1444-A Belcher Road South, Clearwater, FL 33764;

   (8)      MACSUB XI, INC., 13664 Walsingham Road, Largo, FL 33774;

   (9)      MACSUB XII, INC., 696 S. Gulf View Blvd., Clearwater, FL 34630;

   (10)     MACSUB XIV, INC., 1702-A N. 50th Street, Tampa, FL 33619;

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

(11)      MACSUB XV, INC., 9511 Anderson, Rd., Tampa, FL 33619;

(12)      MACSUB XVI, INC., 18415 US Hwy. 19 North, Clearwater, FL 33764;

(13)      MACSUB XVII, INC., 898 49th Street North, St. Petersburg, FL 33710;

(14)      MACSUB XVIII, INC., 25 Dr. MLK Jr. St. South, St. Petersburg, FL 33705;

(15)      MACSUB XIX, INC., One Progress Plaza, #150, St. Petersburg, FL 33701;

(16)      MACSUB XX, INC., 11148 Starkey Road, Suite C, Largo, FL 33773;

(17)      MACSUB XXII, INC., 956 62nd Ave. North, St. Petersburg, FL 33702;

(18)      MACSUB XXIII, INC., 4745 22nd Ave. South, St, Petersburg, FL 33711;

(19)      MACSUB XXVI, INC., 2264 Tyrone Sq. VC-03, St. Petersburg, FL 33710;

(20)      MACSUB XXVII, INC., 10399 Gulf Blvd., Treasure, Island, FL 33706;

(21)      MACSUB XXVIII, INC., 6123 S. Tamiami Trail, Sarasota, FL 34231;

(22)      MACSUB XXIX, INC., 5901 Gulf Blvd., St. Pete Beach, FL 33706;

(23)      MACSUB XXX, INC., 1938 US Hwy. 19, Holiday, FL 34691;

(24)      MACSUB XXXI, INC., 8451 S. Tamiami, Trail, Sarasota, FL 34238;

(25)      MACSUB XXXII, INC., 6602 E. Dr. MLK Jr., Blvd., Tampa, FL 33619

(26)      MACSUB XXXIII, INC., 7710 Madison Ave., Tampa, FL 33619

(27)      MACSUB XXXIV, INC., 304-B E. Davis Blvd., Tampa, FL 33606

(28)      MACSUB XXXV, INC., 1338 Tampa Rd., Palm Harbor, FL 34683

(29)      MACSUB XXXVI, INC., 8629 U.S. Hwy. 19 N., New Port Richey, FL 34668;

(30)      MACSUB XXXVII, INC., 10089 U.S. Hwy. 19 N., New Port Richey, FL 34668;

(31)      MACSUB XXXVIII, INC., 409 Mandalay Ave., Clearwater, FL 33767;

(32)      MACSUB XXXIX, INC., 630 Chestnut St., Clearwater, FL 33756;

(33)      MACSUB XL. INC., 630 Chestnut St., Clearwater, FL 33756;

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

(34)    MACSUB XLI, INC., 630 Chestnut St., Clearwater, FL 33756;

(35)    MACSUB XLII, INC., 630 Chestnut St., Clearwater, FL 33756;

(36)    PPM HOLDINGS, LLC, 223 N. Westshore Blvd., FC-206, Tampa, FL 33607.

10. Defendant, David McComas, is a resident of Pinellas County, Florida.

11. At all times material hereto, Plaintiff Audrey Mabie was an employee of Defendants within the meaning of the FLSA, employed as a store manager from 2006 until June 2012.

12. At all times material hereto, Plaintiff Kelly Wood was an employee of Defendants within the meaning of the FLSA, employed as a store manager from 2010 until June 2012.

13. At all times material hereto, Defendant MACSUB was the "employer" of Plaintiffs within the meaning of the FLSA.

14. At all times material hereto, Defendant McComas ("MCCOMAS") was an employer with the meaning of the FLSA as he is "any person acting directly or indirectly in the interest of an employer in relation to an employee, 29 U.S.C. § 203(d).

15. At all times material hereto, Defendants MCCOMAS, GREAT LAKES MANAGEMENT CORP., AND FRANCHISE EQUITY GROUP INC., were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.   Specifically, Defendants and its employees ordered and worked with equipment, products, goods, produced and manufactured outside of the state of Florida, which passed through the stream of interstate commerce, as well as accepted credit card payments involving transactions across state lines. Defendants operate the enterprise under a unified operation, and with common control, performed for a common business purpose:  operating and managing subway retail restaurants.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time-periods.

17. At all times material hereto, Plaintiff MABIE was "engaged in commerce" subject to individual coverage of the FLSA. Specifically, Plaintiff MABIE regularly communicated with out of state suppliers, took and processed credit card payments across state lines and/or from such companies as VISA, American Express, MasterCard outside of Florida. Additionally, Plaintiff MABIE regularly handled goods (i.e. merchandise and office supplies) that originated from outside of the state of Florida, and therefore passed through the stream of commerce.

18. At all times material hereto, Plaintiff WOOD was "engaged in commerce" subject to individual coverage of the FLSA. Specifically, Plaintiff WOOD regularly communicated with out of state suppliers, took, and processed credit card payments across state lines and/or from such companies as VISA, American Express, and MasterCard outside of Florida. Additionally, Plaintiff WOOD regularly handled goods (i.e. merchandise and office supplies) that originated from outside of the state of Florida, and therefore passed through the stream of commerce.

19. The additional persons who may become plaintiffs in this action are/were hourly paid "store managers" and employees of Defendants, who held similar positions to Plaintiffs' and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forty hours.

20. At all times material hereto, the work performed by Plaintiff Mabie was directly essential to the business performed by Defendants.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

21. At all times material hereto, the work performed by Plaintiff Wood was directly essential to the business performed by Defendants.

22. The **Collective Class** of similarly situated employees is defined as:

> All present and former store managers of Subway restaurants owned or operated by Defendants employed within the preceding three years who worked overtime and who opt in to this action pursuant to FLSA 29 USC Section 216(b).

23. The **Rule 23 Class** of similarly situated employees is defined as:

> All present and former managers of Defendants who worked as store managers in subway restaurants owned or operated by Defendants at any time during the preceding 5 years.

24. For purposes of the Class, Ms. Mabie consents in writing to be a party to this action pursuant to 29 USC § 216(b), is capable and prepared to represent the Class in both the Collective action and the Class action.

25. For purposes of the Class, Ms. Wood consents in writing to be a party to this action pursuant to 29 USC § 216(b), is capable and prepared to represent the Class in both the Collective action and the Class action.

## STATEMENT OF FACTS

26. DEFENDANTS FRANCHISE EQUITY GROUP INC., GREAT LAKES MANAGEMENT CORP., MACSUB AND MCCOMAS mandated that all managers worked a minimum of 49.5 hours per week at all times hereto.

27. All managers were paid similarly, a base salary of $500.00 per week, plus weekly and monthly bonuses.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

28. DEFENDANTS have a policy of store managers being treated as salaried exempt employees for purposes of the Fair Labor Standards Act.  Managers are not compensated for work performed in excess of 40 hours in any given week.

29. Defendants did not have any Bona Fide plan for employee absences or time missed due to illness or sickness, or for other reasons.

30. Defendants' actual policy was that if any manager missed time from work, whether for sickness or illness, or personal reasons, the employee would be converted to an hourly employee for that week, and the hours and wages were deducted from the employee's regular wages.

31. Defendants did not offer managers any sick time or sick days, and specifically told managers that if they missed time from work, the hours were deducted from their pay, AND each had to make up the time.

32. The FLSA section 541.118(a) provides that employees are deemed to be paid on a salary basis when the employee is paid the same weekly pay regardless of the number or days or hours worked.

33. The FLSA permits an employer to deduct for absences of a day or more occasioned by sickness or disability if the deductions are made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## COUNT I
## VIOLATION OF 29 USC §217, CLAIM FOR OVERTIME WAGES

34. Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

35. Plaintiff MABIE was a manager at Defendants' Clearwater location at TARPON SPRINGS, FLORIDA.

36. Plaintiff WOOD was a manager at Defendants' Clearwater location at TARPON SPRINGS, FLORIDA.

37. Plaintiff and all other store managers of the Subway restaurants owned and operated by the Defendants, were required to work a minimum of 49.5 hours per week.

38. Plaintiff, and all other store managers regular, and routinely worked upwards of forty hours per week.

39. Defendants' policy is to deem and treat all store managers as salaried, exempt employees and not entitled to receive overtime wages during all times, including the 3 years preceding the filing of this complaint.

40. All store managers are similarly situated because all are required to work a minimum of 49.5 hours per week; and all are not compensated for overtime wages; and the defendants' policies and practices applied to all stores and store managers uniformly, including the deductions from pay for missing time and the conversion to an hourly employee during any periods of time such employee missed time from work.

41. Defendants have willfully violated Title 29 USC §207 from at least 2006 and continuing to present, in that:

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

a.  Plaintiffs MABIE and WOOD, and all others store managers worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.  Defendants maintained an incorrect policy, violating the Salary Basis test for overtime compensation by taking improper deductions for missed time and converting the employees to hourly employees during the week in which the employee was not at work;

c.  The deductions from the salaries, and the Defendants' policy pervasively occurred during the years 2009 through 2012.

42. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their scheme and plan to convert salaried exempt employees to hourly during the weeks in which the store manager employees missed time from work.

43. Defendants refused to allow store managers to use vacation time to cover for absences or missed time.

44. Defendants did not offer any store manager sick days or sick time; if the store manager was ill, or injured, or had any other reason for being absent from work each was docked the time by Defendants.

45. Pursuant to 29 C.F.R. 541.603(a), an actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis. Defendants have demonstrated that they did not intend to pay Plaintiff and all others similarly situated on a salary basis.

46. Defendants made deductions from the salaries because of a variation in the quantity of work performed

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

47. As a result of the unlawful and impermissible company policy of deducting from salaries for missed time, Defendants have violated the Salary Basis Test and are foreclosed classifying store managers as exempt from the overtime wage provisions of the Fair Labor Standard Act during the periods of time this policy was in force as per 29 C.F.R. Section 541.603(b) "If the acts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for the employees in the same job classification worked for the same mangers responsible for the actual deductions."

48. Due to the intentional, willful and unlawful acts of Defendant they have violated 29 USC § 207, causing Plaintiffs MABIE and WOOD, and all others similarly situated, to suffer from and continue to suffer economic damages in the form of lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. The overtime wage rate must include all compensation, including bonuses earned. For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses must be included in the regular rate of pay.

50. Defendants have intentionally manipulated the bonus plan to minimize the bonuses earned by each store manager in breach of the promises made.  Until Defendants properly compensate Plaintiff and the class members for all past bonuses earned, the overtime wages cannot be accurately determined.

51. Defendants owe Plaintiffs, and all others similarly situated, overtime wages for all hours worked in excess of 40 hours during the 3-year period of time preceding the filing of this lawsuit.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366