52. Plaintiffs are further entitled to an award of reasonable attorney's fees pursuant to 29 USC §216(b).

53. Defendants bear the burden of proving the exemption applies and that the Salary Basis test was not violated

54. Defendants have not acted in good faith, and have willfully violated the FLSA section 207 by refusing to pay overtime wages and violating the Salary Basis Test.

WHEREFORE, Plaintiffs, MABIE and WOOD, individually, and on behalf of all others similarly situated, demand judgment be entered against Defendants as follows:

a) Declaring, pursuant to 29 C.F.R. 541.602(a), that the facts and practices complained of herein are in violation of the salary basis test of the FLSA;

b) Declaring that the exemptions under 29 USC §213 of the FLSA do not apply to Plaintiffs and the class of similarly situated store managers during the 3 years preceding the filing of this complaint;

c) Awarding Plaintiffs, and all others similarly situated, overtime compensation in the amount due to Plaintiffs for Plaintiffs' time worked in excess of forty (40) hours per work week during the preceding 3 years from the filing of this complaint;

d) Awarding Plaintiffs, and all others similarly situated, liquidated damages in an amount equal to the overtime award;

e) Enjoining the Defendants from continuing with the practice of impressible salary deductions and continuing to violate the Fair Labor Standards Act;

f) Awarding Plaintiffs and all others similarly situated, reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 USC §216(b);

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

g) Awarding Plaintiffs prejudgment interest; and

h) Ordering any other further relief the Court deems just and proper.

## COUNT II
## DECLARATORY RELIEF

55. Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

56. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 USC §1331, as a federal question exists.

57. The Court, also, has jurisdiction to hear Plaintiffs' request for relief pursuant to the Declaratory Judgment Act. 28 USC §§2201-2202.

58. Plaintiffs may obtain declaratory relief.

59. Defendants are employers within the definition of the FLSA.

60. Defendants are an enterprise covered by the FLSA.

61. Plaintiffs, and all similarly situated store managers, are individually covered by the FLSA.

62. Defendants failed to pay Plaintiffs, and all others similarly situated overtime for all hours worked in excess of 40 hours.

63. Defendants have demonstrated by facts that they did not intend to pay Plaintiffs on a salary basis, and have violated the salary basis test for exemption from the overtime wage provisions of 29 USC 207, 29 C.F.R. 541.603.

64. Defendants are barred or foreclosed from classifying Plaintiffs, and all others similarly situated as salaried exempt employees under 29 USC 213;

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

65. Plaintiffs, and all others similarly situated, are entitled to overtime and minimum wage pursuant to 29 USC §207(a)(1).

66. Defendants did not rely upon a good faith defense and have not acted in good faith.

67. Plaintiffs are entitled to an equal amount of liquidated damage as to unpaid overtime or minimum wages.

68. It is in the public interest to have these declarations of rights recorded.

69. Plaintiffs, and others similarly situated' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

70. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

71. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs MABIE AND WOOD individually, and on behalf of all others similarly situated, demand judgment be entered against Defendants as follows: a declaration of rights finding that each of the named Defendants is an employer under the FLSA; that the Defendants operate as an Enterprise; that Plaintiffs worked hours over forty in a workweek without receiving compensation; that Defendants have violated the FLSA and are foreclosed from asserting store managers are exempt during the years 2009 to the present and continuing; that Defendants have  a legal duty to pay Plaintiffs' overtime wages pursuant to the FLSA; that Defendants have failed to prove a good faith defense; that Plaintiffs are entitled to overtime wages at the correct rate, including  bonuses in the calculation, plus an equal amount in liquidated damages and reasonable attorney's fees pursuant to the FLSA, and prejudgment interest.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## COUNT III
## BREACH OF IMPLIED IN FACT CONTRACT:
## CLASS ACTION PURSUANT TO FEDERAL RULE 23

72. Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

73. Defendants had a bonus program for store managers, which was explained to the store managers, but upon information and belief, was never presented in a written document to any store managers.

74. The managers were told that if their store performed to such a level that costs were less than a set goal, each would be paid a bonus.  A copy of a "Monthly report card" prepared by Defendants is attached hereto as Exhibit "A".

75. As per the report card, bonuses are paid for:  a) labor and b) food costs.  As understood by the store managers, the bonus goal was based upon the previous month of the store, the employee worked in such a way that if the store performed better than the previous month a bonus was paid.

76. At some point in time, Defendants changed the terms of the bonus plan by tying the goals to all the subway restaurants prior performance.  Under this new arrangement, none of the employees could ever know whether the food cost and labor cost goals were real, fabricated, inflated, or accurate.

77. Upon information and belief, Defendants, purposefully and arbitrarily set the food goals and labor goals higher than actually they are in order to minimize the bonuses for each manager.

78. Defendants' intentional manipulation of the goals resulted in each store manager earning less in bonuses, if any at all, for a monthly period.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

79. At all times material and relevant, Defendants have maintained a policy and practice of failing and refusing to pay Plaintiff and store managers the bonus money earned according to the promised bonus plans.

80. Defendants conduct is in breach of their promises to Plaintiff and class of store managers, to pay monthly bonuses based upon hitting actual goals.

81. By reason of Defendants conduct, plaintiffs and the class members have suffered and continue to suffer damages in the form of lost wages.

82. Plaintiff and the class members have been forced to retain the undersigned counsel to represent their interests and have incurred attorney's fees and costs of this litigation.

83. Moreover, the unpaid wages have a direct relationship and impact on the overtime wages claimed pursuant to Counts I and II, as these actual sums must be used in order to calculate the correct overtime wage rate.  For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses must be included in the regular rate of pay.

WHEREFORE, PLAINTIFFS MABIE and WOOD, individually, and on behalf of the entire class of store managers demand judgment against Defendants including all unpaid wages and general damages together with costs of suit and reasonable attorney fees (under Fla. Stat. 448.08).

**COUNT IV**
**BREACH OF IMPLIED IN LAW CONTRACT:**
**CLASS ACTION PURSUANT TO FEDERAL RULE 23**

84. Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

85. Defendants had a bonus program for store managers.  This bonus program was explained to the store managers, but upon information and belief was never presented in a written document to any store manager.

86. The managers were told that if their store performed to such a level that costs were less than a set goal, each would be paid a bonus.  A copy of a "Monthly report card" prepared by Defendants is attached hereto as Exhibit "A".

87. As per the report card, bonuses are paid for:  a) labor and b) food costs.  As understood by the store managers, the bonus goal was based upon the previous month of the store the employee worked in such that if the store performed better than the previous month a bonus was paid.

88. At some point in time, Defendants changed the terms of the bonus plan by tying the goals to all the subway restaurants prior performance.  Under this new arrangement, none of the employees could ever know whether the food cost and labor cost goals were real, fabricated, inflated, or accurate.

89. Upon information and belief, Defendants, purposefully and arbitrarily set the food goals and labor goals higher than actually they are in order to minimize the bonuses for each manager.

90. Defendants' intentional manipulation of the goals resulted in each store manager earning less in bonuses, if any at all, for a monthly period.

91. At all times material and relevant, Defendants have maintained a policy and practice of failing and refusing to pay Plaintiff and store managers the bonus money earned according to the promised bonus plans.

92. Defendants conduct is in breach of their promises to Plaintiff and class of store managers, to pay monthly bonuses based upon hitting actual goals.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

93. By reason of Defendants conduct, plaintiff and the class members have suffered and continue to suffer damages in the form of lost wages.

94. Plaintiff and the class members have been forced to retain the undersigned counsel to represent their interests and have incurred attorney's fees and costs of this litigation.

95. Moreover, the unpaid wages have a direct relationship and impact on the overtime wages claimed pursuant to Counts I and II, as these actual sums must be used in order to calculate the correct overtime wage rate.  For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses must be included in the regular rate of pay.

WHEREFORE, PLAINTIFFS MABIE and WOOD, individually, and on behalf of the entire class of store managers demand judgment against Defendants including all unpaid wages and general damages together with costs of suit and reasonable attorney fees (under Fla. Stat. 448.08).

## COUNT V
## FRAUD IN THE PERFORMANCE OF THE CONTRACT
## CLASS ACTION PURSUANT TO FEDERAL RULE 23

96. Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

97. Defendants had a bonus program for store managers.  This bonus program was explained to the store managers, but upon information and belief was never presented in a written document to any store manager.

98. The managers were told that if their store performed to such a level that costs were less than a set goal, each would be paid a bonus.  A copy of a "Monthly report card" prepared by Defendants is attached hereto as Exhibit "A".

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

99. As per the report card, bonuses are paid for:  a) labor and b) food costs.  As understood by the store managers, the bonus goal was based upon the previous month of the store the employee worked in such that if the store performed better than the previous month a bonus was paid.

100.    At some point in time, Defendants changed the terms of the bonus plan by tying the goals to all the subway restaurants prior performance.  Under this new arrangement, none of the employees could ever know whether the food cost and labor cost goals were real, fabricated, inflated, or accurate.

101.    Upon information and belief, Defendants, purposefully and arbitrarily set the food goals and labor goals higher than actually they are in order to minimize the bonuses for each manager.

102.    Defendants' intentional manipulation of the goals resulted in each store manager earning less in bonuses, if any at all, for a monthly period.

103.    At all times material and relevant, Defendants have maintained a policy and practice of failing and refusing to pay Plaintiff and store managers the bonus money earned according to the promised bonus plans.

104.    Defendants conduct is in breach of their promises to Plaintiff and class of store managers, to pay monthly bonuses based upon hitting actual goals.

105.    By reason of Defendants conduct, plaintiff and the class members have suffered and continue to suffer damages in the form of lost wages.

106.    Plaintiff and the class members have been forced to retain the undersigned counsel to represent their interests and have incurred attorney's fees and costs of this litigation.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

107.    Moreover, the unpaid wages have a direct relationship and impact on the overtime wages claimed pursuant to Counts I and II, as these actual sums must be used in order to calculate the correct overtime wage rate.  For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses must be included in the regular rate of pay.

108.    Upon information and belief, Defendants amended the

109.    Defendants conduct in purposefully and intentionally manipulating the cost goals in an act of cheating each Plaintiff out of compensation earned and promised.

110.    Defendants conduct in manipulating the goals to minimize the bonuses paid to store managers is an intentional and willful act to defraud each store manager from compensation the Defendants agreed to pay the Plaintiffs.

WHEREFORE, PLAINTIFFS MABIE and WOOD, individually, and on behalf of the entire class of store managers demand judgment against Defendants including all unpaid wages and general damages together with costs of suit and reasonable attorney fees (under Fla. Stat. 448.08).

## COUNT VI
## UNJUST ENRICHMENT

111.    Plaintiffs and the members of the Classes readopts and realleges the allegations the allegations set forth in paragraphs 5 through 33 as if fully set forth herein, and further realleges:

112.    Defendants have received and benefitted from the uncompensated labor of the Plaintiffs, such to retain such benefits without compensation would be inequitable and rise to the level of unjust enrichment.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

113.    At all relevant times hereto, Defendants devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing uncompensated work from Plaintiff and class members.

114.    Defendants have appreciated the benefit of these services without paying Plaintiff and the members of the Class for the full value of their services.

115.    By reason of having secured the work and efforts of Plaintiffs and class members without compensation, Defendants have been unjustly enriched.   Defendants enjoyed reduced expenses and therefore realized additional earnings and profits to its own benefit.

WHEREFORE, PLAINTIFFS MABIE and WOOD, individually, and on behalf of the entire class of store managers demand judgment against Defendants including all unpaid wages and general damages together with costs of suit and reasonable attorney fees (under Fla. Stat. 448.08).

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this _____ day of November, 2012

Respectfully submitted by,

_____
Mitchell L. Feldman, Esq.
Florida Bar. No. 80349
Feldman Morgado, P.A.
501 North Reo Street
Tampa, Florida 33609
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mfeldman@ffmlawgroup.com
*Attorney for Plaintiff*



# Monthly Report Card for Store #30678

| Month | October | Manager | Kelly Wood |
|---|---|---|---|
| New Tier | 2 | Current Tier | 2 |

| | | | |
|---|---|---|---|
| Labor Goal: | 26.00% | Food Cost Goal: | 34.20% |
| Actual Labor % | 23.23% | Actual Food Cost % | 34.57% |
| Bonus Achieved? | YES | Bonus Achieved? | NO |
| Labor Bonus (.50%) = | $ 147.56 | Food Cost (.50%) = | $ 147.56 |
| Probation | NO | Probation | NO |

| W/E | Sales | Bread shortage | # of times late | # of Customer Complaints | # of Write-ups | Cash +/- | # False Alarms |
|---|---|---|---|---|---|---|---|
| 10/4/2011 | $ 8,264.26 | 5.46 | 1 | 1 | | $ 0.81 | |
| 10/11/2011 | $ 7,151.28 | -28.51 | 1 | | | $ 2.14 | |
| 10/18/2011 | $ 6,798.20 | -0.52 | 2 | | | $ 0.60 | |
| 10/25/2011 | $ 7,297.57 | -0.93 | 0 | | | $ (0.71) | |
| | | | | | | | |
| Totals | $ 29,511.31 | -24.50 | 4 | 1 | 0 | $ 2.84 | $ - |
| AUV | $ 7,377.83 | | | | | | |

## Recap of Bonus

| | | |
|---|---|---|
| Labor Bonus Earned | $ 147.56 | |
| Food Cost Bonus Earned | $ - | |
| Earned Total | $ 147.56 | |

## Actual Bonus Calculation

| | | | |
|---|---|---|---|
| Out of Product (Y or N) | N | $ 147.56 | Yes=1/2 bonus |
| In Compliance? (Y or N) | Y | $ 50.00 | Yes=$50   No= -$50 |
| Unpaid Shortages | | | |
| False Alarm Charges | | $ - | |
| **Total Bonus** | | $ 197.56 | |

| | | |
|---|---|---|
| Food Mgr. Certified?(Y or N) | Y | $ 197.56 |
| Probation for food or labor? | N | $ 197.56 |

| | |
|---|---|
| # of Mangar Stop Backs | 4 |
| Paperwork Grade | A |
| Attended Mgr. Meeting | |
| Last Health Insp date | 3/24/2011 |
| Manager held meeting Date | |

## Comments:

Food Cost went down, very good!  Keep training your team

all the time.