# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**AUDREY ANN CURLEY MABIE and**
**KELLY B. WOOD,**

      **Plaintiffs,**

**v.**                                            **Case No.  8:12-cv-2588-T-30TGW**

**FRANCHISE EQUITY GROUP, INC. d/b/a**
**MACSUB ENTERPRISES, INC., et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 62) and Plaintiffs' Response in opposition (Dkt. 70).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied without prejudice as premature.

## DISCUSSION

On November 15, 2012, Plaintiffs filed the instant action.  On January 17, 2013, Plaintiffs filed their amended complaint.  Plaintiffs, who are two former restaurant managers of Defendants' Subway franchises, allege that Defendants collectively violated the Fair Labor Standards Act ("FLSA") by improperly converting salaried exempt employees to hourly employees during weeks in which they missed time from work.  Specifically,

Plaintiffs allege that Defendants violated the "Salary Basis test for overtime compensation by taking improper deductions for missed time[.]"  (Dkt. 58 at ¶ 40(b)).

On January 31, 2013, Defendants filed the instant motion for summary judgment in response to Plaintiffs' amended complaint.  The motion argues that the "undisputed facts demonstrate that Defendants have fully complied with the FLSA with a *bona fide* paid-time-off bank." (Dkt. 62).  The motion relies on the Affidavit of Lynn Matthews in support of the purported "undisputed facts."

Plaintiffs' response in opposition argues that Defendants' motion is premature because Plaintiffs have not had a meaningful opportunity to develop the facts through discovery. Plaintiffs point out that the parties "have not even attended a Case Management Conference and discovery has not yet been commenced in this case." (Dkt. 70).  Plaintiffs also argue that Defendants' motion for summary judgment was filed with the intention to "harass Plaintiffs, cause needless delay and to increase the cost of litigation." *Id.*  Finally, Plaintiffs contend that the allegations of their amended complaint clearly set forth a factual dispute on the issues of whether Defendant David McComas is an "employer" within the meaning of the FLSA and whether Defendants made improper deductions to Plaintiffs' salary in violation of the FLSA's salary basis test.

Although the Court will not comment on Defendants' strategy in filing their motion for summary judgment at this early stage in the case, the Court concludes that the motion is premature.  As stated in *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant

has had an adequate opportunity for discovery."  Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record."  *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

Here, Plaintiffs have not been provided an adequate opportunity to utilize the discovery process.  Indeed, this case is in its infancy; the parties have not even proceeded through the deadlines set forth in the Court's FLSA Scheduling Order (Dkt. 52). Accordingly, Defendants' motion for summary judgment is premature and is denied without prejudice.  Defendants may refile their summary judgment motion and reassert the arguments contained therein after the appropriate time.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion for Summary Judgment (Dkt. 62) is denied without prejudice as premature.

2.     Defendants shall file a response to Plaintiffs' amended complaint within

fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2588.msj62.frm